### NORTHERN R. R. *v.* OGDENSBURG & L. C. R. Co.

*(Circuit Court, D. New Hampshire.* December 18, 1883.)

EQUITY PLEADING—CROSS-BILL— DEMURRER—ANSWER — REFORMATION OF CONTRACT.

> It is not necessary to file a cross-bill to reform a contract which is already before the same court in equity at the suit of the other party; but the defendant should plead the facts relied upon by way of answer, even if they vary a written contract, and the court will enforce the contract as it is found to have been made or as it ought to be reformed, as the case may be.

In Equity.

*J. H. Benton, Jr.,* for complainants.

*S. Bartlett,* for defendants.

LOWELL, J. The Ogdensburg & Lake Champlain Railroad Company was one of four parties to a contract made in 1871, by which it was intended to secure for 19 years the service of steam-boats to bring freight to Ogdensburg. The Ogdensburg Company, having in 1870 leased its road for 20 years to two of the other companies, parties to the contract, had only an indirect and reversionary interest in the arrangement; but that company agreed to advance, for the purpose of the contract, the sum of $600,000, which was to be repaid to it by the several railroad companies, parties to the contract of the third part, in the proportions of their gross receipts from the business brought to them by the line of steam-boats. The Ogdensburg Company afterwards made this advance. The contract failed of its full effect and came to an end in 1876, without fault on the part of any of the parties to it.

At this time the Ogdensburg Company had received payment of only about one-third of its advance of $600,000. That company has since filed bills against some or all of the railroad companies, parties to the contract of the third part. A more particular statement of the contract will be found in *Ogdensburg & L. C. R. Co.* v. *Boston & L. R. Co.* 4 FED. REP. 64. In that case, the court, consisting of Mr. Justice CLIFFORD and the circuit judge, held on demurrer that the contract to repay the advances of the Ogdensburg Company was a several one by each of the parties of the third part, and that the

agreement was not to pay absolutely in proportion to gross earnings, but to pay out of gross earnings. A similar suit is pending in this district, in which the Ogdensburg Company ask for an account of the gross earnings from the same business of the Northern Railroad.

The present is a cross-bill brought by the Northern Company against the Ogdensburg Company, in which the complainant alleges that the agreement of the parties was neither to pay absolutely in proportion to gross earnings, nor even out of the gross earnings of the years during which the steamers were run, but to pay a sum not exceeding $125,000 out of the earnings of each half year, so that if in any half year there was a deficit, it cannot be supplied from the earnings of any other half year in which there was a surplus. ...

The bill alleges that this was the agreement made by the parties, and asks that the contract may be reformed to express this agreement, if such is not already its true meaning. The defendant company demurs. It seems to me unnecessary to file a bill to reform a contract which is already before the same court in equity at the suit of the other party. It is not usual for a court of equity to enjoin itself. The modern practice, as I understand it to be announced by the supreme court, is for the defendant to rely upon the facts by way of answer, even if they vary a written contract, and for the court to enforce the contract as it is found to have been made, or as it ought to be reformed, as the case may be. *Bradford* v. *Union Bank*, 13 How. 57. This point, however, was not argued, and I will retain the bill until the parties are heard further upon the question.

Demurrer sustained.